UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DUSTIN JAMES BARRAL,<br><br>    Petitioner,<br><br>    v.<br><br>TIM GARRETT, *et al.*,<br><br>    Respondents. | Case No. 3:23-cv-00438-MMD-CLB<br><br>DISMISSAL ORDER |

    Petitioner Dustin James Barral filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) This Court conducted an initial review of the Petition and ordered Barral to show cause why it should not be dismissed as untimely. (ECF No 5.) Barral timely responded. (ECF No. 6.) The Court now dismisses the Petition.

**I.    BACKGROUND**[1]

    Barral challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Dustin Barral*, C-10-269095-1. On September 29, 2017, the state court entered a judgment of conviction, pursuant to an *Alford* plea, convicting Barral of attempted sexual assault with a minor under the age of 14 and child abuse, neglect, or endangerment. Barral was sentenced to 10 to 26 years in prison. Barral appealed, and the Nevada Court of Appeals affirmed on September 26, 2018, in case number 74288-COA. Remittitur issued on October 22, 2018.

    On November 9, 2020, Barral moved to correct his sentence. On December 18,

---

[1]Judicial notice is taken of the docket records of the Eighth Judicial District Court and Nevada appellate courts, which are accessible at www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1

2020, the state court denied the motion. Barral appealed, and on May 8, 2023, the Nevada Court of Appeals affirmed. Remittitur issued on July 24, 2023.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Nev. Sup. Ct. R. 13. The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). No statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

## III. DISCUSSION

Barral's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court on December 25, 2018. The federal statute of limitations began to run the following day: December 26, 2018. The federal statute of limitations expired 365 days later: December 26, 2019. Accordingly, Barral filed

his Petition three years and eight months after the AEDPA limitation period expired.

In his response to the order to show cause, Barral argues that the state district court lacked subject matter jurisdiction over his criminal case, and because subject matter jurisdiction can never be forfeited or waived, the claims in his Petition can be raised anytime. (ECF No. 6 at 3.) To support his subject matter jurisdiction argument, Barral makes the following contentions: (1) NRS § 171.010, the statute giving Nevada state district courts their jurisdictional authority, was nullified in 1957 when the Nevada Legislature enacted the Nevada Revised Statutes and invalidated all preexisting statutes, including NRS § 171.010, (2) NRS § 171.010 is invalid under NRS § 220.170(3) given that it does not reference the original Statutes of Nevada, and (3) the Nevada Revised Statutes lack an enactment clause and are thus unconstitutional and void. (*Id*. at 3-5.) Barral also contends that "once [he] filed his motion to correct illegal sentence any restrictions on time went away because it was a proper post-conviction remedy." (*Id*. at 6.) Next, Barral contends that he is entitled to equitable tolling because (1) he has been diligently pursuing the claims in his Petition since September 2018 when he started conducting his own legal research through the help of his mother and then later through the prison's law library, (2) he was unaware of AEDPA's one-year statute of limitations, and (3) he did not learn of the legal basis for his claims until after extensive research. (*Id*. at 7–8.) Finally, Barral contends that this Court should entertain his Petition given his novel subject matter jurisdiction argument. (*Id*. at 8-10 (citing *Reed v. Ross*, 468 U.S. 1 (1984) ("[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures.").) This Court finds that these arguments lack merit.

First, regardless of NRS § 171.010, the Nevada state district court had jurisdiction over Barral's underlying criminal case under the Nevada Constitution. *See* N.V. CONST. art. VI, § 6. Second, NRS § 171.010 does not address the state district court's jurisdiction;

rather, it provides criminal liability for persons committing offenses within Nevada. Third, even if Barral's motion to correct his sentence amounts to an application for other collateral review under 28 U.S.C. § 2244(d)(2), it was filed on November 9, 2020, after the AEDPA clock had already expired. As such, Barral's motion to correct his sentence could not have tolled an already expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Fourth, Barral's arguments that the Nevada state courts lack jurisdiction under NRS § 171.010 and the Nevada Revised Statutes are void present issues of state law, but "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Fifth, Barral is not entitled to equitable tolling because (1) equitable tolling "has never been satisfied by a petitioner's confusion or ignorance of the law alone," *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009), and (2) even if this Court were to find that Barral has been diligently pursuing his claims, he fails to also show that some extraordinary circumstance prevented his timely filing given that ordinary prison limitations do not qualify as extraordinary circumstances, *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). Finally, Barral's reliance on *Reed v. Ross* is misplaced. In *Reed*, the Supreme Court held that a novel constitutional claim may establish cause to overcome a procedurally defaulted claim. 468 U.S. at 11. This holding in *Reed* does not apply to a time-barred petition.

## IV.   CONCLUSION

It is therefore ordered that this action is dismissed with prejudice as time barred. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1); (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents;[2] (3) provide the Nevada Attorney General with copies of the Petition (ECF No. 1-1), this order, and all

---

[2]No response is required from Respondents other than to respond to any orders of a reviewing court.

other filings in this matter by regenerating the notices of electronic filing; (4) enter final judgment dismissing this action with prejudice; and (5) close this case.

DATED THIS 16th day of October 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE